## 19117

The STATE, Respondent, v. Homer Clyde PATRICK, Appellant.

(177 S. E. (2d) 545)

*Messrs. John W. Williams, Jr.* and *John W. McIntosh,* of Columbia, *for Appellant,*

*John W. Foard, Jr., Esq., Solicitor,* of Columbia,

November 4, 1970.

*Per Curiam.*

Homer Clyde Patrick, a thirty-year-old soldier stationed at Fort Jackson, was convicted of attempted armed robbery at the January, 1968, term of the Court of General Sessions for Richland County, and was sentenced to ten years' imprisonment. He appeals to this court challenging the sufficiency of the evidence to establish his guilt, charging error in the admission of evidence, and contending that the sentence is excessive, constituting cruel and unusual punishment.

Viewed in the light most favorable to the State (as it must be in testing its sufficiency to support the verdict, 7 West's South Carolina Digest, Criminal Law —753 (1952)), the evidence tends to establish that on the occasion in question the defendant, without any money on his person but with a knife stuck in his belt and a "hold-up" note in his pocket, entered a small liquor store owned and operated by seventy-nine-year-old Joe S. Briggs. The proprietor was shelling peas at a table on which there was a pistol. The defendant asked for a fifth of Canadian Club whiskey. Thereupon, Briggs arose from the table, placed the pistol on the counter near the cash register and turned toward the whiskey shelves at the rear of the store. While he was thus engaged, the defendant moved to the cash register, picked up the pistol and, as Briggs turned away from the shelves, using the pistol as a club, struck him on the side of the head. Briggs immediately grabbed another pistol from beneath the counter and, at point-blank range, commenced firing at the defendant, who, badly wounded, managed to crawl from the store and into a nearby vacant building.

When the police officers found the defendant a few minutes later, he was lying on the floor with the knife still in his belt and Briggs' pistol, which had a defective firing pin, beside him. He was promptly removed to the emergency room at Columbia Hospital. A search was made of his person in an effort to establish his identity so that the consent of relatives to an emergency operation might be sought. It was in the course of this search that the "hold-up" note was found.

Defendant contends that, since the note was not presented to Briggs and there was no evidence that the defendant tried to take anything from the store or said or did anything indicating that he intended to commit robbery, there was a failure of proof as to intent, an essential element of the offense charged. We disagree.

> The test of the sufficiency of the evidence to take a criminal case to the jury is whether there is any substantial evidence, direct or circumstantial, which rea-

sonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced. 7 West's South Carolina Digest, Criminal Law —741 (1952). We have no hesitancy in concluding that the evidence in this case meets this test and fairly and logically supports the inference of defendant's guilt.

We find no merit in the claim that the "hold-up" note should have been excluded from evidence as the fruit of an illegal arrest, that is to say, an arrest without warrant for a misdemeanor not committed in the presence of the arresting officers. When the critically wounded defendant was found by the officers, he was promptly taken to the hospital for medical assistance. It would be pointless to inquire whether defendant was under arrest. The search of his person was to establish his identity and was incident to hospital procedures rather than to an arrest. In this emergency, defendant was treated no differently than a helpless accident victim.

Nor do we agree that the note should have been excluded as irrelevant. It was properly admitted in evidence as a circumstance to be considered by the jurors. It was within their province alone to decide what weight, if any, should be given to this evidence.

The defendant was returned to the Columbia Police Department by military authorities on September 29, 1967, and remained in custody until his trial in January, 1968. Before imposing sentence, the able and experienced trial judge stated that because of the atrocity of the offense and the defendant's prior bad record, both civilian and military, he was convinced that the maximum should be imposed. He, therefore, sentenced the defendant to imprisonment for ten years, declining to give him credit for the period of his incarceration awaiting trial. We find no error as assigned. The sentence to be imposed within the statutory limit was peculiarly within the discretion of the trial judge, and we are not convinced that he did not exercise it wisely

in this instance; clearly, no abuse of discretion has been shown. The defendant was not entitled to credit for jail time, which was no part of his punishment, as a matter of right. The imposition of the maximum penalty without allowance for such time does not amount to cruel or unusual punishment. *State v. Sanders,* 251 S. C. 431, 163 S. E. (2d) 220 (1968), to which we adhere after review at counsels' request, is conclusive of the point.

Affirmed.